IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:25-cv-00851-GPG

PEGGY BANKS, individually and on
behalf of all others similarly situated,

   Plaintiff,

v.

BIO TRUST NUTRITION, LLC,

   Defendant.

**DEFENDANT BIO TRUST NUTRITION, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Bio Trust Nutrition, LLC ("BioTrust"), by and through its undersigned counsel, and answers Plaintiff Peggy Banks' ("Plaintiff") Complaint (the "Complaint") as follows:

**INTRODUCTION**

1. In response to paragraph 1 of the Complaint, BioTrust admits that the allegations contained therein appear to set forth a portion of the Telephonic Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq*., and *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019). BioTrust affirmatively states that the TCPA and *Krakauer* speak for themselves and denies any allegations of Paragraph 1 inconsistent therewith. This paragraph further contains legal conclusions to which no response is required. To the extent a response is required, BioTrust denies the allegations in this paragraph.

2. In response to paragraph 2 of the Complaint, BioTrust admits that the allegations contained therein appear to set forth a portion of the TCPA and its regulations, 47 C.F.R. § 64.1200(c)(2), 16 C.F.R. § 310.4(b)(iii)(B), and *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019). BioTrust affirmatively states that the TCPA, its regulations, and *Krakauer* speak for themselves and denies any allegations of Paragraph 2 inconsistent therewith. This

paragraph further contains legal conclusions to which no response is required. To the extent a response is required, BioTrust denies the allegations in this paragraph.

3.      In response to paragraph 3 of the Complaint, BioTrust is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

## PARTIES

4.      In response to paragraph 4 of the Complaint, BioTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations in this paragraph.

5.      In response to paragraph 5 of the Complaint, BioTrust admits that its principal place of business is in Colorado.  BioTrust further admits that it is authorized to do and conducts business in the United States and in the State of California.  Unless specifically admitted, BioTrust denies each and every remaining allegation of Paragraph 5 of the Complaint.

## JURISDICTION VENUE

6.      In response to paragraph 6 of the Complaint, BioTrust admits that Plaintiff has alleged jurisdiction based on 47 U.S.C. § 227 and 28 U.S.C. § 1331.  BioTrust states that this is a legal conclusion, which is not subject to denial or admission.

7.      In response to paragraph 7 of the Complaint, BioTrust admits that Plaintiff alleges that this Court has personal jurisdiction over BioTrust.  BioTrust states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, BioTrust admits that it is headquartered in and has its principal place of business in Colorado.

8.      In response to paragraph 8 of the Complaint, BioTrust admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b). BioTrust states that this is a legal conclusion that is not subject to denial or admission.

## FACTS

### A. The National Do Not Call Registry

BIOTRUST'S ANSWER TO COMPLAINT
Case No. 1:25-CV-00851-GPG

9.      In response to paragraph 9 of the Complaint, BioTrust admits that the allegations contained therein appear to set forth a portion of the TCPA's regulations, 47 C.F.R. § 64.1200(c)(2). BioTrust affirmatively states that the TCPA and its regulations speak for themselves and denies any allegations of Paragraph 9 inconsistent therewith. This paragraph further contains legal conclusions to which no response is required. To the extent a response is required, BioTrust denies the allegations in this paragraph.

10.      In response to paragraph 10 of the Complaint, BioTrust admits that the allegations contained therein appear to set forth a portion of the TCPA's regulations, 47 C.F.R. § 64.1200(c)(2). BioTrust affirmatively states that the TCPA and its regulations speak for themselves and denies any allegations of Paragraph 10 inconsistent therewith. This paragraph further contains legal conclusions to which no response is required. To the extent a response is required, BioTrust denies the allegations in this paragraph.

11.      In response to paragraph 11 of the Complaint, BioTrust admits that the allegations contained therein appear to set forth a portion of the TCPA and its regulations, 47 C.F.R. § 64.1200(c)(2). BioTrust affirmatively states that the TCPA and its regulations speak for themselves and denies any allegations of Paragraph 11 inconsistent therewith. This paragraph further contains legal conclusions to which no response is required. To the extent a response is required, BioTrust denies the allegations in this paragraph.

**B. Unsolicited Telemarketing to Plaintiff**

12.      In response to paragraph 12 of the Complaint, BioTrust admits that Plaintiff has alleged she is a "person" as defined by the TCPA. BioTrust states that this is a legal conclusion, which is not subject to denial or admission.

13.      In response to paragraph 13 of the Complaint, BioTrust is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

BIOTRUST'S ANSWER TO COMPLAINT
Case No. 1:25-CV-00851-GPG

14.     In response to paragraph 14 of the Complaint, BioTrust is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

15.     In response to paragraph 15 of the Complaint, BioTrust is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

16.     In response to paragraph 16 of the Complaint, BioTrust is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

17.     In response to paragraph 17 of the Complaint, BioTrust is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

18.     In response to paragraph 18 of the Complaint, BioTrust is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

19.     In response to paragraph 19 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, BioTrust is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

22.     In response to paragraph 22 of the Complaint, BioTrust admits that the allegations contained therein appear to be screenshots of text messages.  BioTrust states that the screenshots of the text messages speak for themselves and denies any allegations of Paragraph 22 inconsistent therewith.  With respect to the remaining allegations, BioTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

BIOTRUST'S ANSWER TO COMPLAINT
Case No. 1:25-CV-00851-GPG

23.     In response to paragraph 23 of the Complaint, BioTrust admits that the allegations contained therein appear to reference the screenshots of text messages alleged in Paragraph 22 of the Complaint.  BioTrust states that the screenshots of the text messages speak for themselves and denies any allegations of Paragraph 23 inconsistent therewith.  With respect to the remaining allegations, BioTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

24.     In response to paragraph 24 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Complaint, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, BioTrust denies the allegations in this paragraph.

26.     In response to paragraph 26 of the Complaint, BioTrust admits that the allegations contained therein appear to set forth a portion of *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).  BioTrust affirmatively states that *Campbell-Ewald Co.* speaks for itself and denies any allegations of Paragraph 26 inconsistent therewith.  This paragraph further contains legal conclusions to which no response is required. To the extent a response is required, BioTrust denies the allegations in this paragraph.

27.     In response to paragraph 27 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

28.     In response to paragraph 28 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 30 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

31.     In response to paragraph 31 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

BIOTRUST'S ANSWER TO COMPLAINT
Case No. 1:25-CV-00851-GPG

## CLASS ACTION ALLEGATIONS

32.     In response to paragraph 32 of the Complaint, BioTrust repeats, realleges, and incorporates by reference Paragraphs 1 through 31 above as if fully set forth herein.

33.     In response to paragraph 33 of the Complaint, BioTrust admits that Plaintiff seeks to represent a putative class as outlined in Paragraph 33 of the Complaint. BioTrust denies that this action is suitable for class adjudication. BioTrust denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient.  BioTrust denies that the putative class is properly defined. BioTrust denies any remaining allegations in Paragraph 33.

34.     In response to paragraph 34 of the Complaint, BioTrust admits that Plaintiff alleges that the "exact number of Class members . . . is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable."  BioTrust states that this is a legal conclusion that is not subject to denial or admission. BioTrust admits that Plaintiff seeks to represent a putative class as outlined in Paragraph 33 of the Complaint. BioTrust denies that this action is suitable for class adjudication. BioTrust denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient.  BioTrust denies that the putative class is properly defined. BioTrust denies any remaining allegations in Paragraph 34.

35.     In response to paragraph 35 of the Complaint, BioTrust admits that Plaintiff alleges that the "Plaintiff's claims are typical of the claims of other Class members."  BioTrust states that this is a legal conclusion that is not subject to denial or admission. BioTrust admits that Plaintiff seeks to represent a putative class as outlined in Paragraph 33 of the Complaint. BioTrust denies that this action is suitable for class adjudication. BioTrust denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient.  BioTrust denies that the putative class is properly defined. BioTrust denies any remaining allegations in Paragraph 35.

BIOTRUST'S ANSWER TO COMPLAINT
Case No. 1:25-CV-00851-GPG

36.     In response to paragraph 36 of the Complaint, BioTrust admits that Plaintiff alleges that "Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class."  BioTrust states that this is a legal conclusion that is not subject to denial or admission. BioTrust admits that Plaintiff seeks to represent a putative class as outlined in Paragraph 33 of the Complaint. BioTrust denies that this action is suitable for class adjudication. BioTrust denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient.  BioTrust denies that the putative class is properly defined. BioTrust denies any remaining allegations in Paragraph 36.

37.     In response to paragraph 37 of the Complaint, including subparts a-c, BioTrust admits that Plaintiff alleges that "[t]here are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class."  BioTrust states that this is a legal conclusion that is not subject to denial or admission. BioTrust admits that Plaintiff seeks to represent a putative class as outlined in Paragraph 33 of the Complaint. BioTrust denies that this action is suitable for class adjudication. BioTrust denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient.  BioTrust denies that the putative class is properly defined. BioTrust denies any remaining allegations in Paragraph 37.

38.     In response to paragraph 38 of the Complaint, BioTrust admits that Plaintiff alleges that "Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein."  BioTrust states that this is a legal conclusion that is not subject to denial or admission. BioTrust admits that Plaintiff seeks to represent a putative class as outlined in Paragraph 33 of the Complaint. BioTrust denies that this action is suitable for class adjudication. BioTrust denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient.  BioTrust denies that the putative class is properly defined. BioTrust denies any remaining allegations in Paragraph 38.

39.    In response to paragraph 39 of the Complaint, including subparts a-d, BioTrust admits that Plaintiff alleges that "Plaintiff satisfies the requirements for maintaining a class action under FED. R. Civ. P. 23(b)."  BioTrust states that this is a legal conclusion that is not subject to denial or admission. BioTrust admits that Plaintiff seeks to represent a putative class as outlined in Paragraph 33 of the Complaint. BioTrust denies that this action is suitable for class adjudication. BioTrust denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient.  BioTrust denies that the putative class is properly defined. BioTrust denies any remaining allegations in Paragraph 39.

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act

### Violations of 47 U.S.C. § 227(c)

40.    In response to paragraph 40 of the Complaint, BioTrust repeats, realleges, and incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

41.    In response to paragraph 41 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

42.    In response to paragraph 42 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

43.    In response to paragraph 43 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

44.    In response to paragraph 44 of the Complaint, BioTrust denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO PRAYER FOR RELIEF

BioTrust denies that Plaintiff is entitled to any damages against BioTrust as set forth in her prayer for relief, including subpages A-G.

## RESPONSE TO DEMAND FOR JURY TRIAL

In response to the Complaint, BioTrust admits that Plaintiff has demanded a trial by jury on all issues triable.

BIOTRUST'S ANSWER TO COMPLAINT
Case No. 1:25-CV-00851-GPG

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, BioTrust hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

The Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against BioTrust and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from BioTrust.

### SECOND AFFIRMATIVE DEFENSE
(PRIOR CONSENT)

The Complaint, and each cause of action therein, is barred because Plaintiff consented to all conduct surrounding the occurrences alleged in the Complaint, and, specifically, is barred to the extent that Plaintiff provided prior express consent for alleged text messages, as set forth in 47 U.S.C. § 227(b)(1)(A). Moreover, the determination of whether an individual gave consent will require individualized hearings with respect to each text message allegedly sent by BioTrust. As a result, the Court will need to resolve any possible liability with respect to each potential class member on an individualized basis.

### THIRD AFFIRMATIVE DEFENSE
(ESTABLISHED BUSINESS RELATIONSHIP)

The Complaint, and each cause of action therein, is barred or limited by the "established business relationship" exemption, 16 C.F.R. § 310.4(b)(1)(iii)(B). Moreover, the determination of whether BioTrust has an "established business relationship" with any or all of the putative class members will require individualized hearings with respect to each text message allegedly sent by BioTrust. As a result, the Court will need to resolve any possible liability with respect to each potential class member on an individualized basis.

### FOURTH AFFIRMATIVE DEFENSE
(REASONABLE PROCEDURES)

BioTrust cannot be liable for any purported violations of 47 U.S.C. § 227(c)(5) and/or 47 C.F.R. 64.1200(c)(2) because it established and implemented, with due care, reasonable practices

and procedures to effectively prevent telephone solicitations purportedly in violation of the
regulations prescribed under that subsection.

### FIFTH AFFIRMATIVE DEFENSE
(STATUTE OF LIMITATIONS)

BioTrust alleges that the Complaint, and each cause of action therein, by the applicable
statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE
(FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE
(EXCESSIVE STATUTORY DAMAGES)

BioTrust alleges that the Complaint, and each cause of action therein, is barred, in whole
or in part, and this matter may not be maintained as a class action, on the grounds that any award
of statutory damages against BioTrust under the TCPA would violate the prohibition against
excessive fines afforded to BioTrust under the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE
(UNCONSCIONABLE STATUTORY DAMAGES)

BioTrust alleges that the Complaint, and each cause of action therein, is barred, in whole
or in part, and this matter may not be maintained as a class action, on the grounds that any award
of statutory damages against BioTrust under the TCPA in relation to the alleged harm done (or
lack thereof) to Plaintiff and the alleged class members would shock the conscience.

### NINTH AFFIRMATIVE DEFENSE
(DISPROPORTIONATE STATUTORY DAMAGES)

BioTrust alleges that the Complaint, and each cause of action therein, is barred, in whole
or in part, and this matter may not be maintained as a class action, on the grounds that any award
of statutory damages against BioTrust under the TCPA would be wholly out of proportion to the
alleged harm (or lack thereof) to the Plaintiff and the alleged class members.

### TENTH AFFIRMATIVE DEFENSE
(UNCONSTITUTIONAL REQUEST FOR STATUTORY AND PUNITIVE DAMAGES)

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be

limited because (i) any recovery of punitive or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and (ii) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE
### (IMPROPER REQUEST FOR INJUNCTIVE RELIEF)

BioTrust alleges that Plaintiff's request for injunctive relief is improper because any alleged injury to Plaintiff or any alleged class member is not immediate or irreparable and Plaintiff and the alleged class members have an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE
### (IMPROPER REQUEST FOR ATTORNEYS' FEES)

BioTrust alleges that Plaintiff's request for attorneys' fees is barred because it lacks any basis in law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (IMPROPER CLASS ACTION)

BioTrust alleges that Plaintiff cannot maintain this matter as a class action because there are not sufficiently common issues of law or fact, individualized issues predominate, the class is not ascertainable, the named plaintiff is not adequate, typical, suitable, or appropriate representative, class counsel is not adequate, and a class action is not a superior means of resolving this case, nor is it manageable.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

BioTrust alleges that Plaintiff's conduct with respect to the matters alleged in the Complaint deprives Plaintiff of clean hands, and by reason of not coming into court with clean hands, Plaintiff is precluded from recovery from BioTrust under her Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (LACHES)

BioTrust alleges that the Complaint, and each cause of action therein, is barred, in whole

BIOTRUST'S ANSWER TO COMPLAINT
Case No. 1:25-CV-00851-GPG

or in part, by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE
(WAIVER)

BioTrust alleges that the Complaint, and each cause of action therein, is barred, in whole or in part, by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(ESTOPPEL)

BioTrust alleges that the Complaint, and each cause of action therein, is barred, in whole or in part, by the doctrine of estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(LIABILITY/COMPARATIVE FAULT OF OTHERS)

BioTrust alleges that other parties or third persons not parties to this action were, in whole or in part, legally responsible or otherwise at fault for the damages alleged in the Complaint and matters related thereto, thereby causing and contributing to any injury, damage or loss to Plaintiff or anyone else, if any.

### NINETEENTH AFFIRMATIVE DEFENSE
(INTERVENING/SUPERSEDING ACTS)

BioTrust alleges that the Complaint, and each cause of action therein, is barred, in whole or in part, by the independent, intervening, superseding acts of Plaintiff, other parties, or third parties.

### TWENTIETH AFFIRMATIVE DEFENSE
(RIGHT TO ASSERT ADDITIONAL DEFENSES)

BioTrust reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant BioTrust prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

BIOTRUST'S ANSWER TO COMPLAINT
Case No. 1:25-CV-00851-GPG

(3)     For such other and further relief as the Court may deem just and proper.


Dated: May 9, 2025                          JONES DAY


                                            By:  */s/ Ryan D. Ball*
                                                  Ryan D. Ball

                                            Attorneys for Defendant
                                            BIO TRUST NUTRITION, LLC

<u>**CERTIFICATE OF SERVICE**</u>

I, Ryan D. Ball, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612-4408. On May 9, 2025, I served a copy of **DEFENDANT BIO TRUST NUTRITION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** by electronic transmission.

I am familiar with the United States District Court for the District of Colorado's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

- **Anthony I. Paronich**
  anthony@paronichlaw.com
- **Andrew Roman Perrong**
  a@perronglaw.com

Executed on May 9, 2025, at Irvine, California.

_____
*/s/ Ryan D. Ball*
Ryan D. Ball