IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:25-cv-00851-GPG

PEGGY BANKS, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

BIO TRUST NUTRITION, LLC,

        Defendant.

### DEFENDANT BIO TRUST NUTRITION, LLC'S
### MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY TO THRESHOLD
### ISSUES RELATING TO PLAINTIFF'S INDIVIDUAL CLAIMS

## INTRODUCTION

Defendant Bio Trust Nutrition, LLC ("BioTrust") respectfully moves the Court pursuant to Fed. R. Civ. P. 26(c) for the entry of a protective order (1) limiting discovery solely to matters relevant to Plaintiff Peggy Banks's ("Plaintiff") individual transaction history with BioTrust and her consent (or lack thereof) to receive the challenged text messages, as set forth in BioTrust's concurrently-filed Motion to Bifurcate Discovery ("Motion to Bifurcate") (*see* ECF No. 14) and (2) deferring all other discovery at least until the Court issues a ruling on BioTrust's Motion to Bifurcate and, if granted, until the Court thereafter determines whether Plaintiff's individual claim survives the dispositive motion that BioTrust intends to file promptly at the close of phase one in bifurcated discovery. This tailored relief dovetails with and is necessary to effectuate the efficiencies contemplated by BioTrust's Motion to Bifurcate.[1]

Good cause exists for this requested relief because Plaintiff has served numerous broad

---

[1] BioTrust is agreeable to stipulate to a reasonable extension of the discovery deadlines in the event that the Motion to Bifurcate is denied.

- 1 -    MOTION TO FOR PROTECTIVE ORDER
Case No. 1:25-CV-00851-GPG

discovery requests probing nationwide class issues, merits questions far beyond her individual claim, and matters irrelevant to the threshold issue of her consent to receive the challenged text messages. Allowing sweeping class discovery to proceed before the Court resolves whether this Plaintiff even has a legitimate claim would impose undue burden and expense on BioTrust, contravene the proportionality mandate of Rule 26(b)(1), and needlessly consume judicial resources.

## BACKGROUND

Plaintiff brings a single Telephone Consumer Protection Act ("TCPA") claim premised on the assertion that she never did business with BioTrust and never consented to receive text messages. *See* Compl., ¶¶ 20, 27-28, 30. BioTrust's business records confirm the opposite: Plaintiff voluntarily provided her phone number and affirmatively provided express consent to receive marketing texts when she purchased a dietary supplement from BioTrust on September 28, 2020. *See* ECF No. 14-1, at ¶ 2.

In early May 2025, BioTrust produced to Plaintiff's counsel a screenshot of the relevant portion of the checkout page that Plaintiff would have encountered when completing her purchase, which included a disclosure informing Plaintiff that she consented to receive messages from BioTrust by completing the webform. *See* ECF No. 13, at 8-9. BioTrust also produced Plaintiff's purchase information, including the date and time, product, price, first and last name, shipment address, email, and phone number. *Id.* Because consent is a complete defense to Plaintiff's claim, targeted discovery focused on confirming the facts of her purchase and opt-in will position the Court to resolve this litigation at minimal cost.

Recognizing the dispositive nature of the threshold consent issue, BioTrust concurrently seeks bifurcation of discovery under Rule 42(b). *See* ECF No. 14. Despite the narrowness of that

issue, Plaintiff's first wave of discovery on BioTrust is anything but. On June 3, 2025, Plaintiff propounded the following discovery on BioTrust (collectively, the "Requests," attached as Exhibit 1 to the accompanying Declaration of Ryan D. Ball ("Ball Decl.")):

- Ten (10) interrogatories ("ROGs") seeking, among other things, detailed information about BioTrust's telemarking practices, identification of third-party vendors, identification of employees and vendors involved in outbound calls or tests (whether or not related to Plaintiff), details about the systems or platforms used to contact Plaintiff, and facts supporting any affirmative defenses. *See* Ball Decl., Ex. 1 at 6-8.

- Twenty-seven (27) requests for production ("RFPs") covering, among other things, nationwide texting data, all complaints received by Bio Trust concerning telemarketing, all insurance and indemnity agreements, all do-not-call policies, and an array of class-wide customer records stretching back four years. *Id.* at 8-15.

- Forty-one (41) requests for admission ("RFAs"), many of which seek concessions on class certification, willfulness, the constitutionality of summary judgment, nationwide do-not-call compliance, and other issues unrelated to Plaintiff's individual consent. *Id.* at 15-20.

Responding to each of Plaintiff's Requests would require Bio Trust to collect, review, and produce voluminous data from multiple systems, engage outside vendors to extract historical short-code records, and marshal testimony from employees in several departments and potentially third-party service providers—all before the Court has determined whether Plaintiff's claim can survive summary disposition. Thus, a protective order limiting discovery to the same focused issues set forth in BioTrust's Motion to Bifurcate is the logical companion to such bifurcation. Without such

protection, Plaintiff can serve (and has already served) extensive discovery while the Court is still assessing whether she has any viable individual claim, thereby imposing precisely the undue burden, expense, and distraction that Rule 26(c) is designed to prevent.

## **LEGAL STANDARD**

The Court at its discretion may "issue an order to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense" by "specifying terms … for the disclosure or discovery," "forbidding inquiry into certain matters," or "limiting the scope of disclosure." Fed. R. Civ. P. 26(c)(1)(B), (D). Courts in this District and elsewhere routinely exercise this discretion to narrow the first phase of discovery in TCPA class actions to discrete individualized issues. *E.g.*, *Ragsdale v. Harmony Leads, Inc.*, 2025 WL 1617233, at *2 (D. Colo. May 9, 2025) (Prose, J.) (ordering a "scheduling order . . . setting for the scope of the first phase of discovery on [Plaintiff's] individual claims"); *Harris v. Shore Funding Sols., Inc.*, 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (bifurcating discovery with an initial phase "limited to whether on April 19, 2022 Plaintiff received a call from Defendant at the (205) 503-XXXX number and ownership of the subject phone"); *Newell v. Aliera Healthcare, Inc.*, 2020 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (bifurcating discovery with an initial phase of "limited discovery on how [Defendant] acquired Plaintiff's contact information and whether that acquisition constitutes consent under the TCPA"); *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (bifurcating discovery and ordering submission of a "proposed schedule for [initial] fact discovery concerning whether the faxes sent were informational or whether their apparent informational content was a sham and the faxes were in reality advertisements."). This Court should do the same here by issuing a protective order limiting discovery to Plaintiff's individual transaction history with BioTrust and her alleged consent (or

lack thereof) to receive the challenged text messages.

## ARGUMENT

There is good cause for a protective order. Fed. R. Civ. P. 26(b)(1) requires that discovery be "proportional to the needs of the case" factoring in "the importance of the issues at stake," "the amount in controversy," "the parties' resources," and whether "the burden or expense of the proposed discovery outweighs its likely benefit." The full scope of discovery that Plaintiff currently seeks is disproportionate to the needs of the case at this stage, is unduly burdensome, and premature in light of BioTrust's Motion to Bifurcate and the narrow consent issue that may dispose of Plaintiff's claims and this action entirely.

The discovery served by Plaintiff earlier this month seeks broad class and merits discovery. To name just a few examples, the Requests seek information about putative class members (*e.g.*, ROGs 2-3; RFPs 23-25; RFAs 1-2, 20-22, 41); historic texting "campaigns" and all personnel and third parties involved in such "campaigns" (ROGs 2-4, 10; RFPs 24-26), BioTrust's systems and platforms, as well as the general operations of the same (*e.g.*, ROG 8; RFPs 6-7, 19, 21-22; RFAs 12-16, 40); BioTrust's agreements and/or communications with or about third-party vendors (*e.g.*, ROGs 2, 4, 7; RFPs 8-9, 11-15, 17, 26; RFA 28); complaints received from different consumers (*e.g.*, RFP 10); and a broad range of internal policies and procedures (*e.g.*, ROG 10; RFPs 8-9, 18; RFPs 24-26, 32, 40), requests which, as written, have no bearing on whether Plaintiff individually consented to receive text messages from BioTrust in September 2020. *See Kemen v. Cincinnati Bell Telephone Co., LLC*, 2024 WL 3633333, at *3 (S.D. Ohio Aug. 2, 2024) (limiting first phase of discovery to "threshold issues that both require little discovery and could be dispositive of [Plaintiff's] individual claim").

Responding to all of Plaintiff's Requests would require Bio Trust to undertake extensive

company-wide searches, engage multiple third-party vendors, and review extensive call-detail and customer databases—efforts measured in hundreds of hours, if not more. And those efforts would require substantial, irrevocable monetary outlay from BioTrust that may be wasted. Until the threshold issue of Plaintiff's consent is adjudicated, the benefit of additional discovery is minimal, whereas the burden to BioTrust is both substantial and unnecessary. *See, e.g.*, *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *3 (E.D. Mich. May 24, 2024) ("for purposes of efficiency, the Court will review evidence and make a determination with regard to Fania's plaintiff-specific claim prior to costly and time-consuming class discovery."); *Harris*, 2023 WL 344007, at *4 (observing that costs of discovery "can be particularly unforgiving for defendants"); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) ("The Court agrees that, in this matter where Defendant has raised potentially dispositive issues, it would be prudent to test the merits of Plaintiff's allegations before engaging in costly class discovery.") (cleaned up); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, *1 (D. Mass. Feb. 27, 2019) ("Controlling the scope of discovery is particularly appropriate where discovery will impose considerable expense and the claims may be resolved on issues that require only limited or targeted discovery.").

Meanwhile, Plaintiff will not be prejudiced by a protective order restricting discovery only to targeted discovery relating to Plaintiff's consent: if her claim survives, Plaintiff will receive the remaining discovery in due course. *See, e.g.*, *Newell*, 2020 WL 13568762, at *3 ("any prejudice to Plaintiff is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery" because "[Defendants] are on notice to preserve evidence pertaining to this matter"); *Janssen*, 2014 WL 413534, at *5 ("While Plaintiff raises concerns over delay and the possibility that evidence will be lost or destroyed, these concerns are not overly persuasive."); *Harris*, 2023 WL 3440077, at *5 ("granting Defendant's motion will not cause

undue burden and expense to Plaintiff nor would it prejudice Plaintiff because this case is in the nascent stages."); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (rejecting argument that targeted initial discovery "poses a risk that the third-party [Defendant] used to send the messages at issue will destroy relevant call records" because "[Plaintiff] may subpoena the third party at issue or take some other action to ensure the preservation of records."): *Deleon v. Time Warner Cable LLC*, 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009) ("to the extent Plaintiff is frightened that some misfortune might befall documents and witnesses while they are in Defendant's control, the Court finds that such a risk is minimal and clearly outweighed by the expenses that might be saved").

BioTrust's proposed protective order aligns with established TCPA precedent and ensures a "just, speedy, and inexpensive" determination of the case. Fed. R. Civ. P. 1. Absent a protective order, BioTrust would be forced to collect, review, and produce voluminous nationwide calling and texting records (exposing the personal data of numerous individuals who are not parties to this lawsuit), as well as BioTrust's competitively sensitive platform data and internal policy materials that are irrelevant to the dispositive issue of Plaintiff's individual consent. And all for nothing if Plaintiff's individual claim fails. A protective order limiting initial discovery to the issue of Plaintiff's consent also permits the Court to focus on a simpler factual record and promotes judicial economy. *Fania*, 2024 WL 2607303, at *4 ("requiring the parties to continue down the path of Plaintiff specific discovery . . . is the most efficient way to assure an expeditious resolution to this case. And it is the most efficient use of the Court's resources."); *Janssen*, 2014 WL 413534, at *5 (limiting first phase discovery "solely to whether the faxes sent to Plaintiff are informational or whether their apparent informational content is a sham . . . will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner").

**CONCLUSION**

Good cause exists to shield BioTrust from the undue burden of premature, expansive discovery while the Court resolves the dispositive threshold issue of Plaintiff's consent. The protective order sought here is reasonably and narrowly drawn, consistent with Rule 26(c), and essential to implement the efficiencies of BioTrust's Motion to Bifurcate. BioTrust respectfully requests that the Court grant this Motion and enter an order granting BioTrust's requested relief set forth in BioTrust's Proposed Order attached hereto for the Court's review and signature.

**COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), the undersigned counsel certifies that counsel for Defendant has conferred, in good faith, with counsel for Plaintiff concerning this Motion, and that the parties were unable to reach agreement on the matters set forth in this Motion.

Dated: June 27, 2025

JONES DAY

By: *s/ Ryan D. Ball*
Ryan D. Ball
rball@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2025, I have caused a true and correct copy of the foregoing **DEFENDANT BIO TRUST NUTRITION, LLC'S MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY TO THRESHOLD ISSUES RELATING TO PLAINTIFF'S INDIVIDUAL CLAIMS** to be served with the Court via the CM/ECF system, which shall serve the same on the following:

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff*

> /s/ Ryan D. Ball
> Ryan D. Ball
>
> *Attorneys for Defendant*