# EXHIBIT 1

## to Declaration of Ryan D. Ball

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>   v.<br><br>BIO TRUST NUTRITION, LLC<br><br><br>                Defendant. | Case No. 1:25-cv-851<br><br><br><br>**JURY TRIAL DEMANDED<br>CLASS ACTION** |

## PLAINTIFF'S FIRST SET OF DISCOVERY

## INSTRUCTIONS FOR INTERROGATORIES

1.      Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys.  For each interrogatory, please identify all persons who provided information used in answering it.

2.      These interrogatories are continuing in nature.  In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

3.    Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4.    In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5.    A draft and a final version are two distinct documents.

6.    If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

## INSTRUCTIONS FOR REQUESTS FOR ADMISSIONS

7.    Each request seeks all information available to the Defendant or the Defendant's agents, and to any other person acting on Defendant's behalf. Each of these requests shall be deemed to be continuing in the manner provided under the Federal Rules of Civil Procedure. If a request cannot be answered in full, answer to the fullest extent possible and specify all reasons for the inability to answer in full.

8.      If you believe that you cannot admit or deny any request, please state the reason why you are unable to respond. If you can admit part of a request, you are required to do so.

9.      If Defendant claims any privilege or immunity from discovery with regard to any request made herein, please provide a summary of all facts and circumstances upon which the claim is based.

## DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

10.      **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

11.      "**Defendant**" means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

12.      "**Describe**" means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

13.      "**Document**" means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your

control, of which you have knowledge or to which you now have or previously had
access, including all ESI.

14.    "**Identify**" (when used in reference to a document) means to state the date
of preparation of the document, its author, the sender (if any), the recipient (if any), the
nature of the document (e.g., letter, memorandum or tape) and other means of
identification sufficient to specify the document for purposes of a request for production,
and to further state its present location and custodian. If any such document was, but no
longer is, in your possession or custody or subject to your control, describe what
disposition was made of it and give the name, address and telephone number of the
person presently having possession, custody or control of the document.

15.    "**Identify**" (when used in reference to a natural person) means to state that
person's full name, title, business address, telephone number, email address,
occupation and employer, along with a statement of whether that person is represented
by your counsel in this litigation.

16.    "**Identify**" (when used in reference to an entity) means to state the entity's
full name, address, telephone number, state of incorporation or organization and web
address. Unless it otherwise appears from the context, a request for the identity of a
person relates to all persons in the relevant classification or category, and the request
for the identity of an entity includes all affiliated entities.

17.    "**Person**" means any natural person or legal entity, including, without
limitation, any business or governmental entity or association.

18.    "**Plaintiff**" means the Plaintiff in this lawsuit.

19.    "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

20.    "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

21.    "**Telemarketing**" means a telecommunication that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

22.    "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

23.    "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

24.    "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions,

affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

25.    All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

## INTERROGATORIES

1.    Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**


2.    Identify all employees or vendors involved in making outbound calls or text messages as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads, including platform providers, (b) the dialing system(s) each platform or provider used to make calls, and (c) where the phone numbers to make the calls is obtained.

**ANSWER:**

3.      Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**:


4.      Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:**


5.      If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**


6.      If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**


7.      Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

8.      Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**


9.      State all facts in support of any affirmative defenses you have raised.

**ANSWER**:


10.     Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:


**DOCUMENT REQUESTS**

1.      Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**


2.      Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff, records of any purported consent provided to Plaintiff, or your investigation into outbound text messages made to Plaintiff, including a record of all text messages sent to Plaintiff.

**RESPONSE:**


      3.     Please produce all documents supporting or contradicting any affirmative

defense made in any answer by you to any complaint in this case.

**RESPONSE:**


      4.     Please produce all documents identifying the ANI and the CPN for the text

messages sent to Plaintiff.

**RESPONSE:**


      5.     Please produce all documents identifying the caller ID name information

that was sent to Plaintiff as part of the text messages to Plaintiff.

**RESPONSE:**


      6.     Please produce all documents related to the registration of the 35268

short code, including documents sufficient to ascertain in whose name the short code is

registered.

**RESPONSE:**


      7.     Please produce all documents related to the collection of and loading of

numbers to send as part of the campaign that contacted the Plaintiff.

**RESPONSE:**

8.      Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls or text messages.

**<u>RESPONSE:</u>**

9.      Please produce all documents relating to any failure, alleged failure, or possible failure by you or any vendor to comply with your policies related to telemarketing.

**<u>RESPONSE:</u>**

10.      Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**<u>RESPONSE:</u>**

11.      All contracts or documents representing agreements with any vendor to whom you provided Plaintiff's telephone number or information, including for the purposes of sending outbound calls or text messages.

**<u>RESPONSE:</u>**

12.     All internal communications at your company regarding any vendor to
whom you provided Plaintiff's telephone number or information, including for the
purposes of sending outbound calls or text messages.

**RESPONSE:**

13.     All contracts or documents representing agreements with any third party
that sent the text messages to the Plaintiff.

**RESPONSE:**

14.     All communications with any third party that sent the text messages to the
Plaintiff.

**RESPONSE:**

15.     All internal communications at your company regarding any third party that
sent the text messages to the Plaintiff.

**RESPONSE:**

16.     Please produce all documents relating to insurance coverage of the acts
alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued
by any insurer and all communications with any such insurers, including, but not limited
to, reservation-of-rights letters, regardless of whether or not such coverage purports to
exclude the acts alleged in this matter and regardless of whether or not such insurers
have declined coverage in this matter.

**RESPONSE:**

17.    Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

18.    Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

    a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

    b) obtaining or verifying prior express consent;

    c) transmitting accurate caller ID phone number and name;

    d) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

19.    Please produce all documents containing any of the following information for each outbound telemarketing text message sent by you or your vendors, including to the Plaintiff:

    a) the date and time;

b)  the caller ID;

c)  the result;

d)  message contents;

e)  any information showing the called party's consent to be called or preexisting business relationship with you;

f)  the response(s) of the called party, whether then or later, and whether by SMS, IVR, voicemail, email live oral response recorded mechanically by you, live oral response summarized in written notes by you or otherwise;

g)  identifying information for the recipient; and

h)  any other information stored by the call detail records.

**RESPONSE:**


20.    With respect to any orders alleged to have been placed by the Plaintiff, please produce all data dictionaries, keys, data tables, database exports, databases, lists, systems, platforms, and/or equipment, containing such order information, with respect to the Plaintiff only.

**RESPONSE:**


21.    Please produce all data dictionaries or keys to data tables for each system, platform, and/or equipment used by you, or any vendor, to send telemarketing, or to store data about telemarketing.

**RESPONSE:**

22.     Please produce all data dictionaries or keys to data tables for each database, list, system, platform, and/or equipment used by you, or any vendor, to store data about a person's purported consent to receiving telemarketing.

**RESPONSE:**


23.     Records of all customers who (1) had not placed an order with Bio Trust at all, but who (2) received a text message or telephone calls from Bio Trust.

**RESPONSE:**


24.     Records of all customers who (1) had placed an order with Bio Trust, but who (2) received a text message or telephone calls from Bio Trust on the telephone number(s) submitted with their order(s) more than eighteen months following their last order.

**RESPONSE:**


25.     Records of any recorded putative consent (or lack thereof), including whether or not they checked the box for "Yes! Keep me up to date on news and exclusive offers via text messages from Biotrust.com," or similar such language, for any customers identified responsive to Request for Production 23.

**RESPONSE:**

26.     All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**

27.     Please produce your do-not-call policy.

**RESPONSE:**

**REQUESTS FOR ADMISSIONS**

1.      Admit that you possess no prior consent to contact Plaintiff or any class member.

**RESPONSE:**

2.      Admit that you possess no documents evidencing that your company had an established business relationship with Plaintiff or any class member.

**RESPONSE:**

3.      Admit that you contend the Plaintiff placed an order on September 28, 2020.

**RESPONSE:**

4.      Admit that you contend the order on September 28, 2020 is the only order you contend Plaintiff placed.

**RESPONSE:**

5.      Admit that the Plaintiff did not check the box labeled, "Yes! Keep me up to date on news and exclusive offers via text messages from Biotrust.com," on any order she is alleged to have placed.

**RESPONSE:**

6.      Admit that you do not know if the Plaintiff checked the box labeled, "Yes! Keep me up to date on news and exclusive offers via text messages from Biotrust.com," on any order she is alleged to have placed.

**RESPONSE:**

7.      Admit that you sent no text messages to Plaintiff until July of 2024.

**RESPONSE:**

8.      Admit that you sent no telemarketing text messages to Plaintiff until July of 2024.

**RESPONSE:**

9.      Admit that you contacted the Plaintiff at least 2 times via text message.

**RESPONSE:**

10.     Admit that any prior business relationship with the Plaintiff had expired when you contacted the Plaintiff using a text message.

**RESPONSE:**

11.     Admit that the Plaintiff's telephone number is on the National Do Not Call Registry.

**RESPONSE:**

12.     Admit that you loaded client telephone numbers into a text messaging campaign in 2024, without regards to whether or not those clients consented.

**RESPONSE:**

13.    Admit that your entire client/order list into a text messaging campaign in 2024.

**RESPONSE:**

14.    Admit that the 35268 short code is a short code shared by multiple companies.

**RESPONSE:**

15.    Admit that you used the 35268 short code to send text messages to the Plaintiff.

**RESPONSE:**

16.    Admit that you did not transmit a caller ID name when sending text messages using the 35268 short code.

**RESPONSE:**

17.    Admit that the Plaintiff's telephone number was on the National Do Not Call Registry at least 32 days prior to receiving any of the text messages at issue.

**RESPONSE:**

18.    Admit to all allegations, factual and legal, in the Plaintiff's complaint.

**RESPONSE:**

19.    Admit that a text message is a "call" for the purposes of the TCPA.

**RESPONSE:**

20.    Admit that the Plaintiff has met the requirements for class certification under Rule 23.

**RESPONSE:**

21.     Admit that this class is properly certified under Rule 23(b)(2).

**RESPONSE:**

22.     Admit that this class is properly certified under Rule 23(b)(3).

**RESPONSE:**

23.     Admit that the text messages you sent were sent for telemarketing

purposes.

**RESPONSE:**

24.     Admit that you do not maintain an internal do not call list.

**RESPONSE:**

25.     Admit that you do not scrub telephone numbers against the National Do

Not Call Registry.

**RESPONSE:**

26.     Admit that you do not maintain an internal do not call policy.

**RESPONSE:**

27.     Admit that you send telemarketing text messages to individuals.

**RESPONSE:**

28.     Admit that you ratified the conduct of any agent, vendor, or third party you

contend sent the text messages at issue in this litigation by accepting the business

generated by such entities.

**RESPONSE:**

29.     Admit that the Plaintiff was never provided a copy of your do not call

policy.

**RESPONSE:**

30.    Admit that the Plaintiff was never placed on your internal do not call list.

**RESPONSE:**

31.    Admit that the Plaintiff never signed up to receive text messages.

**RESPONSE:**

32.    Admit that you do not maintain an FTC Subscription Account Number
(SAN).

**RESPONSE:**

33.    Admit that you paid for the messages complained of.

**RESPONSE:**

34.    Admit that you directed the messages complained of.

**RESPONSE:**

35.    Admit that you stood to benefit from the messages complained of.

**RESPONSE:**

36.    Admit that you acted knowingly and wilfully.

**RESPONSE:**

37.    Admit that the Plaintiff is entitled to the injunctive relief pled in the
complaint.

**RESPONSE:**

38.    Admit that summary judgment for the Defendant is unconstitutional as
applied to the facts of this case.

**RESPONSE:**

39.    Admit that summary judgment for the Defendant is inappropriate as
applied to the facts of this case.

**RESPONSE:**

40.    Admit that your telephone provider provides the functionality to transmit

Caller ID Name.

**RESPONSE:**

41.    Admit that you did not accurately transmit your caller ID name during any

call or text message sent to Plaintiff or any class member.

**RESPONSE:**

RESPECTFULLY SUBMITTED AND DATED this June 3, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, a copy of the foregoing was served

electronically on counsel for the Defendant via e-mail at mbilleci@jonesday.com,

rball@jonesday.com. I also certify that I mailed the foregoing to: Matthew T. Billeci,

3161 Michelson Drive, Suite 800, Irvine CA 92612 with tracking number

00310903331480013153.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiff*
