IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:25-cv-00851-GPG

PEGGY BANKS, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

BIO TRUST NUTRITION, LLC,

        Defendant.

**[PROPOSED] ORDER GRANTING DEFENDANT BIO TRUST NUTRITION, LLC'S MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY TO THRESHOLD ISSUES RELATING TO PLAINTIFF'S INDIVIDUAL CLAIMS**

The Court, having considered Defendant Bio Trust Nutrition, LLC's ("BioTrust") Motion for Protective Order Limiting Discovery to Threshold Issues Relating to Plaintiff's Individual Claims ("Motion"), and good cause appearing therein, hereby GRANTS the Motion and orders as follows:

(1) Until the dispositive threshold issue of Plaintiff Peggy Banks's ("Plaintiff") consent to receive text messages from BioTrust has been adjudicated, all discovery in this matter shall be narrowly-tailored and limited to (a) information evidencing Plaintiff's purchase(s) from BioTrust and any consent to receive text messages given by Plaintiff; (b) documents and information sufficient to show Plaintiff's opt-out or unsubscribe status; and (c) any additional discovery mutually agreed upon by the parties in writing. This initial phase of discovery ("Phase One") shall be completed by October 3, 2025 or 120 days from the entry of this Order, whichever is later.

(2) Within thirty (30) days of this Order, BioTrust shall provide responses to the following discovery requests served by Plaintiff on BioTrust on June 3, 2025, but only to the extent the request seeks information specific to Plaintiff and the issue of consent. BioTrust's responses can

be narrowly-tailored to and consistent with the limitations set forth in subsections (a)-(c) of Paragraph 1 and subject to any other valid objections from BioTrust:

- Interrogatories Nos. 1 and 5.
- Requests for Documents Nos. 2, 3, 19, 20.
- Requests for Admission Nos. 1-9, 30.

(3) BioTrust is under no obligation to respond to any of Plaintiff's interrogatories, document production requests, or requests for admission served on BioTrust on June 3, 2025 that are not identified in Paragraph (2). Notwithstanding this protection, the parties are each permitted to seek additional discovery during Phase One that is narrowly-tailored to the categories identified in sections (a)-(c) of Paragraph 1. All other discovery (i.e., "Phase Two") shall not commence until any post-Phase One dispositive motion is decided by the Court or the Court orders otherwise.

**SO ORDERED** this \_\_\_\_\_ day of _____, 2025

BY THE COURT:

_____