IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:25-cv-00851-GPG

PEGGY BANKS, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

BIO TRUST NUTRITION, LLC,

        Defendant.

**DEFENDANT BIO TRUST NUTRITION, LLC'S
UNOPPOSED MOTION TO RESTRICT**

**INTRODUCTION**

Pursuant to District Court of Colorado Local Civil Rule 7.2 and by Order of the Magistrate Judge on July 1, 2025, Defendant Bio Trust Nutrition, LLC ("BioTrust") respectfully requests that the Court grant this Unopposed Motion to Restrict ("Unopposed Motion"). During the Scheduling Conference held before Magistrate Judge Prose on June 30, 2025, counsel for Plaintiff confirmed that Plaintiff does not oppose this motion.

The document that BioTrust filed in "Level 1" restricted status on June 27, 2025 is an unredacted version of BioTrust's Motion to Bifurcate Discovery ("Motion to Bifurcate") and accompanying attachments (ECF. Nos. 14-14-2), including a Declaration of Brian Rosin (ECF No. 14-1) ("Rosin Declaration"), which contains sensitive personal identifying information ("PII") about Plaintiff Peggy Banks ("Plaintiff") that would cause unnecessary risks to Plaintiff's privacy interests if made available through public court filings. Thus, the confidentiality interest in the unredacted version of Rosin Declaration outweighs the presumption of public access to it. Pursuant to the Scheduling Order issued on July 1, 2025 (ECF No. 19), BioTrust attaches to this

Unopposed Motion a true and correct redacted version of the Rosin Declaration to serve as the publicly-available redacted substitute of Exhibit 1 to BioTrust's Motion to Bifurcate previously filed at ECF No. 14-1. BioTrust requests that the Court grant this Unopposed Motion.

## COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), the undersigned counsel certifies that counsel for Defendants has conferred, in good faith, with Andrew Perrong, who is acting as counsel for Plaintiff, concerning this Motion, and who confirmed that Plaintiff does not oppose this Motion.

## BACKGROUND

Plaintiff brings a Telephone Consumer Protection Act ("TCPA") claim against BioTrust alleging that she never did business with BioTrust and never consented to receive text messages. *See* Compl., ¶¶ 20, 27-28, 30 (ECF No. 1). On June 27, 2025, BioTrust filed a Motion to Bifurcate Discovery and accompanying Motion for a Protective Order. *See* ECF Nos. 14-15. The Rosin Declaration attached as Exhibit 1 to BioTrust's Motion to Bifurcate discloses the personal email, address, and phone number of Plaintiff. *See* ECF No. 14-1.

Public disclosure of Plaintiff's PII is unnecessary to resolve BioTrust's Motion to Bifurcate, and therefore BioTrust filed the Motion to Bifurcate and its attachments in "Level 1" restricted status, and now moves the Court to maintain "Level 1" restricted status for the unredacted version of the Rosin Declaration. *See* ECF No. 14-1. In conjunction, BioTrust also requests that the Court lodge the redacted Rosin Declaration attached hereto as the publicly-available redacted substitute of ECF No. 14-1.

## ARGUMENT

Local Civil Rule 7.2(c) requires that a party move the Court to restrict public access to a document and "(1) identify the document or proceeding for which the restriction is sought; (2)

"address the interest to be protected and why such interest outweighs the presumption of public access . . . (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought." D.C. Colo. L. Civ. R. 7.2(c). The Court's discretion to restrict access should be exercised considering the relevant facts and circumstances of the case. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

Although there exists a "long recognized" right to public access of court records, it is equally well-established that this right is "not absolute." *JetAway Aviation, LLC v. Bd. of County Comm'rs of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotation marks omitted). Courts may, "in [their] discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* (internal quotation marks omitted). Among the "competing interests" deemed valid reasons to seal documents are individuals' private and personal information that are not relevant to issues before the Court. *See e.g.*, *Reyes v. Colorado Division of Reclamation Mining and Safety*, No. 18-cv-00860-MSK-STV, 2019 WL 3496947, at *8 (D. Colo. July 29, 2019) (finding Level 1 restriction proper where "the names and addresses because the names and addresses of the individuals involved was not relevant to the issues before the Court," and finding privacy interest "sufficient to overcome the minimal public interest in access to the document"); *Markley v. U.S. Bank Nat'l Ass'n*, No. 19-cv-01130, 2021 WL 5067046, at *5 (D. Colo. Sept. 14, 2021) (granting Level 1 restriction for "sensitive personal information [and] personal email addresses"); *Progeny v. City of Wichita*, No. 21-cv-01100-EFM-ADM, 2023 WL 8254521, at *1 (D. Kan. Nov. 29, 2023) (granting, in relevant part, a motion to seal "Plaintiff's . . . home address [and] phone numbers").

BioTrust requests the Court assign Level 1 restricted access (i.e., access limited to the parties and the Court) to the unredacted version of ECF No. 14-1. This document contains sensitive PII regarding Plaintiff that she chose not to disclose in this litigation. *See, e.g.*, Compl. ¶ 13 (truncating phone number). If Plaintiff's PII was to be disclosed publicly, it would deprive Plaintiff of the right to keep private the sensitive information about her person—an interest that has long been protected and is "self evident." *Progeny*, 2023 WL 8254521, at *1. And, as a practical matter, publicizing Plaintiff's sensitive personal data exposes her to greater risk of identity theft, social engineering attacks, or reputational damage, and such public disclosure is not necessary for the Court to resolve BioTrust's pending Motion to Bifurcate. *See, e.g.*, *Reyes*, 2019 WL 3496947, at *8.

To comply with the Court's request during the Scheduling Conference on June 30, 2025 and pursuant to the Scheduling Order on July 1, 2025, BioTrust hereby attaches to this Unopposed Motion a true and correct copy of the Rosin Declaration with narrowly-applied redactions shielding Plaintiff's phone number, email address, and personal address. *See* Fed. R. Civ. P. 5.2 (permitting courts for "good cause" to order "redaction of additional information" to protect privacy interests). This is the least-restrictive way to maintain the confidentiality of Plaintiff's sensitive PII contained in BioTrust's Motion to Bifurcate.

## **CONCLUSION**

For the foregoing reasons, Defendants request the Court maintain Level 1 Restricted Access to the unredacted version of the Rosin Declaration attached as Exhibit 1 to BioTrust's Motion to Bifurcate (ECF No. 14-1), and lodge the redacted Rosin Declaration attached hereto as the publicly-available redacted substitute for ECF No. 14-1.

Dated: July 7, 2025

JONES DAY

By: *s/ TJ Herron*
　　TJ Herron
　　therron@jonesday.com
　　3161 Michelson Drive, Suite 800
　　Irvine, CA  92612
　　Telephone:　+1.949.851.3939
　　Facsimile:　+1.949.553.7539

*Attorneys for Defendant*

- 5 -　　UNOPPOSED MOTION TO RESTRICT
　　　　Case No. 1:25-CV-00851-GPG

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2025, I have caused a true and correct copy of the foregoing **DEFENDANT BIO TRUST NUTRITION, LLC'S UNOPPOSED MOTION TO RESTRICT** to be served with the Court via the CM/ECF system, which shall serve the same on the following:

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff*

          */s/ TJ Herron*
          TJ Herron

          *Attorneys for Defendant*